IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09–cv–1052–WDS–SCW |
| | ) |
| SCHNUCKS INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Currently before the Court is Plaintiff's Motion for Recusal (Doc. 29). Specifically, in the motion Plaintiff Paula Johnson seeks to have the undersigned recuse himself from this proceeding because undersigned directed Defendants to initiate a telephone conference on January 19, 2011, denied as moot Plaintiff's two motions pending before the Court, and because Plaintiff alleges that undersign's "tone of voice, overall demeanor, and statements made with Defendants Representative Matthew Hodge regarding Plaintiff, were angry and hostile due to the facts that Plaintiff was pro se and Plaintiff was disabled." (Doc. 29 ¶¶ 9, 11, 12). Plaintiff seeks recusal under **28 U.S.C. § 455.**

However, Plaintiff's motion for recusal of the undersigned Magistrate Judge is without merit. Under **28 U.S.C. § 455(a)**, a district judge or magistrate judge should be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Further, a magistrate judge must also disqualify himself if "he has a personal bias or prejudice concerning a party..." **28 U.S.C. § 455(b)**.

The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." ***In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998)(quoting *Hook v. McDade*, 89 F.3d 350, 353-54**

**(7th Cir. 1996))**.  In order to justify recusal under **§ 455(a)**, the impartiality of which a judge is accused will almost always be extrajudicial.  ***Liteky v. United States*, 510 U.S. 540, 554, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.*, 21 F.3d 157, 158-59 (7th Cir. 1994)**.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."  ***Liteky*, 510 U.S. at 555**.  Put another way, a "[p]rior adverse judicial decision[ ] is not itself indicative of a bias requiring recusal.  *Clayton v. Sklodowski*, Case no. 87 C 2613, 1987 WL 11834, at * 1 (N.D. Ill. May 29, 1987)**.

Many of the aforementioned principles apply with equal force to recusal motions made under **§ 455(b)(1)**.  Rescual thereunder "is required only if actual bias or prejudice is 'proved by compelling evidence.'"  ***Hook*, 89 F.3d 350, 355 (7th Cir. 1996) (quoting *U.S. v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985))**.  And, like **§ 455(a)**, bias or prejudice under **§ 455(b)(1)** must stem from an extrajudicial source.  ***Hook*, 89 F.3d at 355.**

Here, Plaintiff provides no compelling evidence of a personal bias or prejudice.  Plaintiff states only that the undersigned ruled against her motion for sanctions and motion (Doc. 21) to modify scheduling order (Doc. 17) and that the undersigned's tone and demeanor during the motion hearing was hostile and angry toward Plaintiff due to her disability and filing *pro se*.  Plaintiff's complaint appears to stem from the denial of her motion for sanctions and motion to modify scheduling order.  While it is true that I denied as moot Plaintiff's motions, the ruling only came after Plaintiff admitted and agreed that she had received all discovery which she had sought from the Defendant except for her request to produce incident reports which Defendant's attorney admitted did not exist after careful research.  The Court did, in fact, direct the Defendant to provide an official response to that last request.  More importantly, case law makes clear that unfavorable rulings are not grounds for recusal.  ***Liteky*, 510 U.S. at 555**.  Plaintiff's claims of my hostility towards her due to her disability and the fact that she is a *pro*

*se* Plaintiff are baseless and inaccurate. The Court was both cordial and receptive to Plaintiff's concerns, giving both Plaintiff and Defendant's counsel equal opportunity to voice their concerns. Further, Plaintiff has failed to provide any compelling evidence that cast doubt on my impartiality, thus justifying recusal. Accordingly, the Court **DENIES** Plaintiff's motion for recusal (Doc. 29).

**IT IS SO ORDERED**.

DATED: January 24, 2011.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge