# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO.09-CV-1052-WDS |
| SCHNUCKS INCORPORATED, et al. | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on a motion for summary judgment (Doc. 27) filed by defendant, Schnucks Markets, Inc., (incorrectly sued as "Schnucks Incorporated"), to which plaintiff has filed a response (Doc. 34), the defendant a reply (Doc. 35) and plaintiff a sur-response (Doc. 36). The plaintiff filed her complaint pro se seeking recovery for alleged acts of harassment which occurred at a Schuncks Store located in East St. Louis, Illinois. The Court previously dismissed Counts 1-3 and 5[1] of the complaint, leaving only her claims for malicious prosecution and for defamation.

The defendant seeks summary judgment on the remaining claims on the grounds that plaintif has not made a prima facie claim for either respondeat superior liability based on an intentional

---

[1] Plaintiff's original complaint was framed in six counts. Count I sought recovery for alleged violations of the Illinois Human Rights Act, Count II for violations under Title VII of the Civil Rights Act, Count III for alleged violations of Illinois stalking laws; Count IV for Malicious Prosecution, Count V for Defamation, and Count VI sought recovery under Respondeat Superior theories.

infliction of emotional distress, or for malicious prosecution.[2]

Plaintiff originally filed this action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois and the action was removed to this Court pursuant to the Court's diversity jurisdiction. The crux of plaintiff's compliant is that between April and October of 2009, plaintiff, while shopping at Schnucks Market in East St. Louis, Illinois, was subjected to "lewd and offensive" words and conduct while she was waiting in line and was followed to her residence (two blocks away) by defendant's employee, a bagger who is a special needs individual. Plaintiff claims that her cousin was engaged to marry a security office who was killed in 2009 at a Schnucks Store. Plaintiff asserts that the litigation which the victim's family is pursuing somehow led to the harassment of her by the employee at defendant's East St. Louis store. Plaintiff alleges that she notified the store manager, Linda Winker, of the harassment from the bagger, and now is in fear of her safety and has suffered emotionally as a result of the harassment.

With respect to the malicious prosecution claim, the basis for the complaint appears to be related to an incident which occurred in 2002 after plaintiff was arrested for retail theft (shoplifting) in Madison County. A criminal trespass warning was issued against the plaintiff, and was supposed to restrict her from entering any Schnucks store. The plaintiff asserts that the warning was for the purpose of malicious prosecution.

**I.**     **SUMMARY JUDGMENT STANDARDS**

A district court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] Plaintiff was arrested in December of 2002 for shoplifting at the Granite City Schnucks location. The City of Granite City filed a complaint for retail theft under $150.00. She was issued a criminal trespass warning by security, which applied to all Schnucks locations. The shoplifting charge was eventually dropped. Plaintiff continued to frequent Schnucks locations.

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating that judgment should be granted as a matter of law. *See Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1999) (citing *Celotex*, 477 U.S. at 323). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *See id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, the Court will not resolve factual disputes, or weigh conflicting evidence.

      A.      Intentional Infliction of Emotional Distress.

To prove a claim for intentional infliction of emotional distress under Illinois law, plaintiff must show that (1) the defendant's conduct was extreme and outrageous; (2) the defendant knew that there was a high probability that its conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress. *Kolegas v. Heftel Broad. Corp.,* 607 N.E.2d 201, 211 (1992). Here, the plaintiff has failed to satisfy any of the elements of this claim. To meet the "extreme and outrageous" standard, the defendant's conduct "must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Swearnigen-El v. Cook County Sheriff's Dept*., 602 F.3d 852, 864 (7th Cir. 2010). In this case, the plaintiff's complaint is based upon the actions of a bagger whom she identified in her deposition as

"goofy." She also acknowledged that the employee did not threaten her either outside or inside of the store. She also acknowledged that she did not seek any psychological or psychiatric counseling, had no physical injury from these events, but was, nonetheless, "afraid." Under the facts of this case, the Court cannot find that the employee's actions were truly outrageous.

Even his watching her and following her out of the store does not rise to the level of intentional infliction of emotional distress. *See, eg, Zitzka v. Village of Westmont*, 2101 WL 3863237 (N.D. Ill. 2010) (watching plaintiff and driving by plaintiff's home were not outrageous). *See also, Reilly v. Wyeth*, 876 N.E.2d 740, 755 (Ill. App. Ct. 2007) ("The nature of a defendant's conduct must be "so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." (*quoting Kolegas v. Heftel Broadcasting Corp.,* 607 N.E.2d 201, 211 ( Ill. 1992)). The actions in this case simply do not rise to that level.

Nor can plaintiff meet the second element, of showing that the actor (or in this case, the employer, through the actions of its employee) intended to cause emotional distress. In fact, plaintiff described the actions of the bagger (who she said was "retarded or something") were in part because he had a "crush" on her. There is nothing to support a claim that the actions were intended to cause her emotional distress.

B. Malicious Prosecution

Plaintiff's malicious prosecution claim is based upon her assertion that the criminal trespass warning was done maliciously, in part in response to her cousin's fiancee's family's legal action. In this case, plaintiff's claims for malicious prosecution are not supported by the facts. "To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) the defendant commenced or continued an original criminal or civil judicial proceeding; (2) the proceeding

4

terminated in favor of the plaintiff; (3) there was an absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Hurlbert v. Charles*, 938 N.E. 2d 507, 512 (Ill. 2010). In this case, the criminal trespass warning was the basis of a complaint against her by Schnucks. In fact, the trespass warning was issued in 2002 and was based on her being arrested for shoplifting. Plaintiff acknowledged in her deposition that Schnucks had not filed a lawsuit against her. The only judicial proceeding is based on the 2002 event, not any event related to the actions which led to her claims here. There is nothing here to support a claim for malicious prosecution, and the defendant is entitled to judgment on this claim.

## CONCLUSION

Accordingly, the Court **GRANTS** the motion for summary judgment related to the remaining counts of plaintiff's complaint, counts IV and VI on all claims raised. The Clerk of the Court is **DIRECTED** to enter judgment accordingly. Each party shall bear its own costs.

The pending motions for recusal of the Magistrate Judge (Doc. 31) and for hearing (Doc. 32) filed by plaintiff are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATE:**   13 April, 2011

                                       **/s/  WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**