IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    NO.09-CV-1052-WDS |
| | ) |
| SCHNUCKS INCORPORATED, et al. | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion to reconsider this Court's Order of April 13, 2011, which granted defendant's motion for summary judgment on plaintiff's claims for malicious prosecution and for defamation.[1]  Plaintiff seeks relief pursuant to Fed. R. Civ. P. 60(b) on the grounds that she had not received documents and that this Court had not warned her of dismissal prior to taking that action.  The motion was filed six days after the entry of judgment in this case (See, Docs. 39 and 41).[2]  Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir. 2011): *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir.2010); *Eskridge v. Cook County,* 577 F.3d 806, 809 (7th Cir.2009). Rule 60(b) allows a court to relieve a party from final judgment based on:

---

[1] The Court had previously dismissed Counts 1-3 and 5 (See Order at Doc. 15).

[2] Plaintiff's motion could be construed as one brought under Rule 59(e).  However, relief under Rule 59 is limited and the "movant must demonstrate a manifest error of law or fact or present newly discovered evidence." *Boyd v. Tornier, Inc.,* 656 F.3d 487 (7th Cir. 2011);  Fed.R.Civ.P. 59(e).  *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir.2004); *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir.2006).

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff has listed most of these grounds for relief. Rule 60(c) requires that a motion be brought within a "reasonable time." The plaintiff's listing of the grounds for relief, without more, does not provide the Court with any specific or identifiable bases for reversal of that order of judgment.

A brief procedural review is warranted in this case. Plaintiff filed her initial action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois against three defendants, Schnucks Markets, Inc. (incorrectly named as Schnucks, Incorporated), Linda Winkler (incorrectly named as Linda Weinkler) and Scott C. Schnuck (incorrectly named as Scott C. Schnucks). Niether Linda Winkler nor Scott Schnuck were served, and the Court dismissed them as defendants nearly a year after the complaint was filed (See, Order at Doc. 15). The Court, as part of that Order also denied the motion to remand. The Court's Order was mailed to the pro se plaintiff at the only listed address, 715 North 24th Street, East St. Louis, Illinois, 62205,[3] on September 13, 2010, some three days after the Court's Order was docketed. The Court notes that the docket in this matter does not reflect that there has been a change in plaintiff's address, nor was the copy of the Court's Order which was mailed to plaintiff returned as "undeliverable mail." Even more notable, the motion for

---

[3]This is the same address which appears on plaintiff's complaint (removed to this Court and docketed as an exhibit to Doc. 3), and every subsequent pleading filed by the plaintiff in this case.

summary judgment (Doc. 27) filed by defendant Schnuck Markets, Inc., specifically lists, as part of the section of the motion under the heading, "II. Undisputed Material Facts," that these defendants were dismissed by Order of the Court *and* a copy of the Court's Order is attached to the motion for summary judgment as Exhibit "C." Moreover, in her response to the motion for summary judgment (Doc. 34) plaintiff acknowledges that on September 10, 2010, the Court entered an Order "allowing Plaintiff's COUNT IV. Violations under Malicious Prosecution; and Plaintiff's COUNT VI. Violations under Respondeat Superior to survive." (See, point 6 of Doc. 34.)

Although the motion appears, at first, to be directed to the Court's Order of April 13, 2011 granting Summary Judgment, and the Clerk's Judgment of April 14, 2011, which closed the case, in fact, the plaintiff's motion for relief is *only* directed to the Court's Order of September 10, 2010, which dismissed defendants Winkler and Scott C. Schnuck, and not to the merits of the Court's determination on Summary Judgment. Although the plaintiff asserts that the Court erred when it dismissed those defendants for want of prosecution, she does not give any basis for reversal of that decision.

She does assert that she did not receive the Court's Order until she was "preparing for trial" and received them electronically, but her own pleadings clearly indicate that she did receive the Court's order of dismissal of September 10, 2010. The assertions in her motion for relief do not address, in any manner, the Court's ruling on the Summary Judgment order, nor does she present any basis for the Court to reverse its dismissal of Winkler or Scott C. Schnuck.

Accordingly, the Court **DENIES** plaintiff's motion for relief from judgment on all grounds raised.

**IT IS SO ORDERED.**

**DATE:  14 November, 2011**

**/s/  WILLIAM D. STIEHL**
**DISTRICT JUDGE**
